SO ORDERED.

Dated: November 15, 2018

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 Proceedings |
| | ) | |
| **LEIGH ANN HILL,** | ) | Case No: 2:18-bk-07595-DPC |
| | ) | |
| Debtor. | ) | **UNDER ADVISEMENT ORDER** |
| | ) | |
| | ) | **[NOT FOR PUBLICATION]** |

The question before this Court is an issue of first impression: are pet insurance proceeds exempt under Arizona law and, if so, is the exemption limited to the Debtor's claimed value of the pet? This Court reads A.R.S. § 33-1126(5) to exempt the pet insurance proceeds described below. This Court does not read A.R.S. § 33-1125(3) to limit the amount of the insurance proceeds exemption to the value of the pet. Finally, the Court finds 11 U.S.C. § 522(g) does not preclude the Debtor's claimed exemption in the subject pet insurance proceeds even though the insurance proceeds were received and spent by the Debtor post-petition. The Trustee's exemption objections are overruled.

## I.    BACKGROUND

Leigh Ann Hill ("Debtor") filed her voluntary chapter 7 bankruptcy petition on June 27, 2018 ("Petition Date") (DE 1)[1]. In Debtor's Schedule A/B, she identified ownership of a dog and two cats valued collectively at $100. DE 1, page 12 of 58. Debtor's Schedule C claimed the dog and two cats as exempt to the $100[2] collective value of these animals. DE 1 at page 18.

---

[1] "DE" references a docket entry in the administrative file in this case.

[2] Debtor did not indicate the value of the dog separate and apart from the cats. For the purposes of this Order, the Court will assume the cats are worthless and the dog alone has monetary value.

1

Although Debtor later amended her schedules (DE 13, page 2), she did not alter the value of or her claimed exemptions on these animals. Debtor's Amended Schedule A/B for the first time identified her ownership of a "Healthy Paws Insurance Policy" ("Pet Insurance Policy") valued at $0.00. DE 12, pages 4-5. Debtor's Amended Schedule A/B, for the first time, revealed her ownership of Pet Insurance Policy benefits in the amount of $7,417.08 ("Insurance Proceeds"). Her Amended Schedule C claimed the Pet Insurance Policy and benefits as entirely exempt.

The Insurance Proceeds derive from an insurance claim made by the Debtor when her dog Scout was treated by a veterinarian between June 13 and June 15, 2018. DE 20, page 2, ¶ 12 and DE 21, page 2. Although Debtor fully paid the veterinarian's invoices at the time of Scout's pre-Petition Date surgery,[3] the Insurance Proceeds, per the Pet Insurance Policy, allow payment of up to only 90% of the veterinarian's invoices. The Insurance Proceeds were received by the Debtor in a post-Petition Date check from the insurance carrier. That check was endorsed by the Debtor over to her friend.[4]

On August 23, 2018, the chapter 7 trustee Jill Ford ("Trustee") objected to Debtor's exemption claimed in the Insurance Proceeds ("Objection") (DE 20). Debtor responded to the Objection on August 31, 2018 ("Response") (DE 21) and the Trustee filed her reply on September 21, 2018 ("Reply") (DE 22). This Court heard oral argument on October 22, 2018. At the oral argument, the Court noted the Reply contained new arguments posed by the Trustee under § 522(g) of the Bankruptcy Code. Undaunted, Debtor's counsel stated her response to that argument and sought no further time to brief the issue. Debtor's counsel, however, did reference case law not previously briefed.[5] The Court inquired as to whether the Trustee wished time to brief this additional matter. After the hearing, Trustee's counsel contacted chambers

---

[3] Debtor did not have the money to pay for Scout's surgery. Rather, Debtor's friend transferred funds to Debtor so she could pay the veterinarian's invoices.

[4] Debtor's friend was to be identified to the chapter 7 trustee by October 25, 2018.

[5] Specifically, Debtor's counsel argued *In re Chambers*, 575 B.R. 881 (Bankr. N.D. Iowa 2017) was applicable to the case at bar.

2

indicating no further briefing would be filed by the Trustee. The Court then took this matter under advisement.

## II. JURISDICTION

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1334.

## III. ISSUE

Are the Insurance Proceeds exempt under Arizona law and, if so, is the exemption amount limited to Scout's monetary value?

## IV. ANALYSIS

### A. Applicable Exemption Law

On the Petition Date, an estate was created in this bankruptcy.[6] The Debtor's bankruptcy estate includes Scout, the Pet Insurance Policy and the Insurance Proceeds. Under § 522(b), a debtor is permitted to exempt from creditor claims certain property of the estate. Section 522(b)(2) permits a state to opt out of the federal exemption scheme. Arizona has done so.[7]

The Arizona exemption statute invoked by the Debtor in her Amended Schedule C is A.R.S. § 33-1126(5). This statute exempts:

> All money arising from any claim for the destruction of, or damage to, exempt property and all proceeds or benefits of any kind arising from fire or other insurance on any property exempt under this article.

---

[6] § 541(a) of the Code.
[7] A.R.S. § 33-1133(B).

3

The Trustee contends this statute does not allow for the Debtor's claimed exemption but, even if it did, A.R.S. § 33-1125(3) limits the entirety of the exemption to Scout's stated economic value. Section 33-1125(3) states:

> The following property of a debtor used primarily for personal, family or household purposes shall be exemption from process:
>
> . . .
>
> (3) Domestic pets, horses, milk cows and poultry not in excess of an aggregate fair market value of eight hundred dollars.

A debtor's claimed exemption is presumptively valid. *In re Carter,* 182 F.3d 1027, 1029 n. 3 (9th Cir.1999). The Court must liberally construe a claimed exemption in favor of debtors. *In re Lee*, 889 F.3d 639, 646 (9th Cir. 2018); *In re Garcia*, 168 B.R. 403, 408 (D. Ariz. 1994). The burden of proof, which is by a preponderance of the evidence, lies with the objecting party to show that the exemption is not valid. Fed. R. Bankr. P. 4003(c) and *In re Diaz*, 547 B.R. 329, 336 (B.A.P. 9th Cir. 2016). Here, the Trustee is the objecting party so she bears the burden of persuasion.

In reviewing the Trustee's Objection to the Debtor's claimed exemption, this Court must focus on the facts as they existed on the Petition Date. *White v Stump*, 266 U.S. 310, 313-14 (1924). This is referred to as the "snap shot rule." *In re Earl*, 705 F. App'x 584, 585 (9th Cir. 2017) (citing *id.* at 313).

### B. Application of Arizona's Exemption Statutes

As with all statutory construction, the Court must begin with the plain meaning of the words in a statute. Here, the Court finds no ambiguity in the language of § 33-1126(5). Where a property insurance policy covers "any claim for the destruction of, or damage to, exempt property" then the "proceeds or benefits" of that policy are exempt. While Scout might be Debtor's priceless faithful and loved companion, for bankruptcy

4

purposes, Scout is "property" of Debtor's bankruptcy estate under § 541 of the Bankruptcy Code. Scout was declared by the Debtor to be exempt under § 33-1125(3). No party in interest timely objected to this claimed exemption. Scout is "exempt property" within the meaning of § 33-1125(3).

Just prior to the Petition Date, Scout sustained internal damage, apparently from something he ate. Debtor's Pet Insurance Policy covered 90% of the medical cost needed to repair the damage sustained by Scout. The Insurance Proceeds, which are the subject of the disputed exemption claim, are the proceeds of insurance which covered the damage to Scout. One could argue that the Arizona Legislature created § 33-1126(5) thinking of destruction or damage to a car, boat or home, but the language of this statute does not limit the definition of "exempt property" to such obvious properties. This Court finds the language of this statute is clear and unambiguous but even if it was not, liberally construing this statute in favor of the exemption produces the same finding by this Court. The Insurance Proceeds are exempt under § 33-1126(5).

The Trustee would have this Court conclude that the exempt Insurance Proceeds must be limited to the value of Scout, i.e. $100. In essence, the Trustee suggests that the exempt insurance recovery for an exempt animal cannot exceed the economic value of the animal. While most rational consumers would never spend more to repair property than such property is worth, expenditures on dogs often bears no relation to the economic value of one's beloved canine family member.[8] The exemption value limits contained in § 33-1125(3) pertain to the value of an exempt animal, not the amount of an insurance recovery pertaining to damage to that animal. Section 33-1126(5) controls the question of the extent to which an insurance payout is exempt. Section 33-1126(5) has no

---

[8] As an example of devotion to the family dog, it has been this Court's experience that when, a child leaves for college, it is the family dog that is missed far more than the parents who are picking up a six-figure tab for that student's education.

5

monetary limit. Where Insurance Proceeds are exempt under § 33-1126(5), the entirety of those proceeds are exempt.

### C. 11 U.S.C. § 522(g) is Inapplicable

The Trustee contends § 522(g) bars the Debtor from claiming the Insurance Proceeds as exempt because the Debtor transferred those funds away when she received them after the Petition Date. § 522(g) states:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property; or
>
> (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

The Trustee argues that § 522(g) applies because, once the Insurance Proceeds were received by the Debtor, she transferred those proceeds to repay the friend who paid the veterinarian's bill at the time of Scout's medical event. While the Trustee told the Debtor or her counsel that the Debtor was not authorized to use the Insurance Proceeds once she received them, the Trustee's demand is unenforceable. Debtor's rights to the Insurance Proceeds were exempt at the Petition Date or at the time the Insurance Proceeds were revealed in Debtor's amended schedules and simultaneously declared exempt. Unlike Arizona's homestead exemption statutes,[9] nothing contained in § 33-1126(5) requires the declarant to deploy insurance proceeds in a certain way or by a given date. Rather, where Debtor received the Insurance Proceeds after the

---
[9] § 33-1101, *et seq*.

6

Petition Date, those funds were exempt and Debtor was free to use the funds as she pleased. Section 522(g) is not applicable to Debtor's post-Petition Date transfer of the Insurance Proceeds.

## VI. CONCLUSION

Proceeds from a Pet Insurance Policy which covers damage to a dog are exempt under A.R.S. § 33-1126(5). The dog itself is exempt under § 33-1125(3) and, under the facts of this case, that dog's medical event constituted damage to this exempt animal. Moreover, the exemption for Pet Insurance Proceeds is not limited in amount by Arizona's animal exemption statute, A.R.S. § 33-1125(3). Finally, § 522(g) of the Bankruptcy Code does not preclude Debtor from claiming the Insurance Proceeds as exempt simply because she received and transferred these proceeds after the Petition Date. Debtor's right to the exemption existed at the Petition Date. Once she received the exempt Insurance Proceeds, the Debtor was free to transfer these funds as she wished.

**IT IS ORDERED**

**DATED AND SIGNED ABOVE.**

COPY of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

Carolyn R. Tatkin
Radix Law, PLC
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 85254

Patrick T. Derksen
Witthoft Derksen, P.C.
3550 N. Central Ave., Suite 1006
Phoenix, AZ 85012